**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Rita Namrod,** | 21-CV - 5514 |
| Plaintiff, | Judge |
| | Magistrate |
| | |
| | **Plaintiff Demands Trial By Jury** |
| v. | |
| **ACIA KL AUTO LLC CO  d/b/a Leader Automotive Group..,** | |
| **And/or** | |
| **d/b/a** | |
| **Grossinger Kia and/or Kia of Lincolnwood's** | |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, Rita Namrod, ("Rita" and/or "PLAINTIFF"), complaining against

Defendant, **ACIA KL AUTO LLC CO  d/b/a Leader Automotive Group**., ("ACIA" and/or

"DEFENDANT"), **And/or d/b/a Grossinger Kia and/or Kia of Lincolnwood's**

and in so doing states as follows:

### NATURE OF THE CASE

1.      In this Complaint, Plaintiff Rita Namrod seeks redress for Defendant's

discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000

et seq. ("Title VII") and failure to pay due wages pursuant to the Illinois Wage Payment

and Collection Act (IWPCA).

### PROCEDURAL REQUIREMENTS

2.      Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991.

3.      Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission on alleging violations of Title VII.

4.      The commission issued a "Notice of Right to Sue ".

5.      Plaintiff has timely filed this lawsuit within ninety (90) days from the date of the *Notice of Right to Sue.*

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, as amended, and 28 U.S.C. §1331 and §1343.

7.      Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and Defendant either reside in this judicial district and/or because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

8.      Plaintiff is a Caucasian female that resides in Illinois, within the Northern District of Illinois.

9.      Defendant ACIA is a corporation engaged in business and with offices in this Judicial District.

10.     Defendant  is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning of Sections 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq.

## FACTS UPON WHICH CLAIMS ARE BASED

11.     Plaintiff was an employee and sales person working for Defendant pursuant to Title VII and the IWPCA.

12.     Defendant is an employer as defined by Title VII and the IWPCA.

13.     Defendant does business in Illinois.

14.     At all relevant times, Plaintiff performed her job responsibilities in a manner that met and or exceeded Defendant's legitimate expectations.

15.     On a continuing, ongoing and escalating basis Plaintiff was subjected to repeated remarks, and discriminatory, differential and unfair treatment because of her race/color.

16.     Respondent treated Complainant differently than dark skinned/African-American employees in the terms, privileges, benefits, responsibilities, and conditions of her employment.   The discriminatory, retaliatory, and harassing conduct included, however was not limited to, the following:

A)     Defendant's General Sales Manager (GSM) Tremayne Young was African American and he disciplined Plaintiff for calling in late.

B)     In contrast to Plaintiff's discipline for being late, when similarly situated African American employees would arrive to work late and Plaintiff told Mr. Young that those employees were late but he did not discipline, admonish or fire those the African American employees based on their race/color.

C)     On another occasions, Plaintiff heard Mr. Young talking to another employee and making fun of Plaintiff for not feeling well

D)     Mr. Young ordered Plaintiff to move from a big office into a very small office and Mr. Young moved into the Plaintiff's former office

E)      Defendant terminated Plaintiff for alleged performance issues, but allowed numerous other black employees with far inferior performance to continue in their jobs without any disciplinary actions being taken;

F)      Defendant reason for terminating Plaintiff was a pretext as Plaintiff terminated Plaintiff because of her race and color;

17. Plaintiff was hired by Defendant on or around December 12, 2011.

18. Plaintiff later resigned on or around September 24, 2014,

19. Plaintiff was subsequently rehired July 6, 2015 and worked for Defendant until her termination on August 8, 2019.

20. Plaintiff is a highly qualified, competent, and dedicated employee that was discriminated against on the basis of her race and/or color.

21. Respondent intended to discriminate against Complainant on the basis of her race/color and permitted, ratified, encouraged, allowed, and otherwise created a severe and pervasive, unwelcome, offensive, and discriminatory working environment.

22. The unwelcome discrimination affected and concerned the terms, conditions and responsibilities of Complainant's employment with Respondent.

20.     Plaintiff reported/complained about the discrimination to Defendant's supervisory personnel.

21.     After Plaintiff reported the discrimination, Defendant took no action to investigate, remedy, stop, alleviate, or otherwise address the discrimination rather terminated the Plaintiff's employment.

4

23. Defendant contributed to, ratified, condoned, accepted, and failed to remedy discrimination, by and through its agents, supervisors and employees, condoned or knew or should have known of the alterations in the terms and conditions of Plaintiff's employment via the aforementioned adverse actions, comments and innuendo of its employees, and failed to take any appropriate remedial measures, despite complaints and reports by Plaintiff.

24. The actions of Defendant in intentionally engaging in and condoning discrimination against Plaintiff has caused Plaintiff mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

25. Plaintiff hereby states that this complaint is drafted in accordance with the provisions of Federal Rules of Civil Procedure for "Notice Pleading" and not "Fact Pleading" in fulfillment of Rule 8(a), which requires that a claim for relief need contain, in addition to a statement concerning jurisdiction and a demand for judgment, that Plaintiff is entitled to relief.

26. All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

## COUNT I

## Race/color Discrimination under Title VII

27. Plaintiff incorporates and realleges all paragraphs found in the Complaint as if fully set forth herein against Defendant.

28. At all times relevant to this cause of action, Plaintiff was a "person" and "employee" of Defendant, and Defendant was her "employer" covered by and within the meaning of Title VII.

29. At all times relevant to this cause of action Defendant's human resources personnel and supervisory employees were all "agents" of Defendant covered by and within the meaning of Title VII.

30. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his race, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

31. At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff based on his race  and Defendant had a duty under Title VII to prevent race discrimination.

32. Plaintiff has a federally protected right to work in a workplace that is free from race discrimination.

33. Plaintiff reported discrimination to management and supervisory employees of Defendant.

34. Despite knowledge of the discrimination, reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination and harassment rather committed retaliation against Plaintiff for her complaints.

35. Defendant intentionally subjected Plaintiff to unequal and discriminatory treatment by that altered the conditions of Plaintiff's employment and by knowingly failing and refusing to protect Plaintiff from those hostile and abusive conditions.

36. The discriminatory actions by Defendant, through their management agents and employees, were intentional and willful, and in deliberate disregard of and with

reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

37. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

**WHEREFORE**, Plaintiff respectfully requests:

a. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

b. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

c. Defendant be required to pay prejudgment interest to Plaintiff on these damages;

d. A permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

e. A permanent injunction requiring Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

f. The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

g. Punitive damages as a result of Defendant's deliberate, intentional, willful, wanton and malicious conduct;

h. An award of reasonable attorneys' fees, costs, and litigation expenses; and

i. Such other relief as the Court may deem just or equitable.

## COUNT II

## VIOLATIONS OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

38. Plaintiff incorporates and realleges all paragraphs found in the Complaint as if fully set forth herein against Defendant

39. Plaintiff was partly compensated for her work for Defendant via payment of commissions.

40. The Plaintiff and Defendant entered into an IWPCA agreement that Plaintiff would receive a percentage on all sales.

41. Plaintiff had a play plan, Plaintiff was paid for commissions once a month based on the sales that Plaintiff made, or services sold.

42. Plaintiff also had a draw of $4,000 per month or $1,000 per week.

43. The Plaintiff's draw was deducted from the total earnings.

44. However despite having this agreement, Plaintiff was not paid all owed and earned commissions.

45. For example in July of 2019 Plaintiff earned total commissions, from her Kia work, of $12,591.55 plus $183.23 from Hyundai work, thus Plaintiff was owed $12,774.78 less the $4,000 in draw, for a net owed wages of $8,591.55.

46. Yet Plaintiff was paid only $831.00, instead of $8,591.55.

47. Thus Plaintiff was/is owed $7,943.78 for July of 2019 commissions plus applicable penalties.

48. This failure to pay owed commissions/wages is also a violation of the IWPCA requirements for timely payment of owed wages, which allows 13 days for most wages and once a month for commission wages, here Defendants still have not paid these owed

wages.

49.     Defendant also applied "charge-backs" to Plaintiff's wages/commissions, without any

proof that she was responsible for those charges and/or such charges were not proper under

the IWPCA.

50.     Defendants also failed to keep proper and complete records of Plaintiff's wages,

commissions, and charge-backs.

WHEREFORE, Plaintiff prays for the following relief:

A.     Unpaid wages pursuant to the IWPCA and other state wage laws;

B.     Compensation originating from DEFENDANTS company policies,
contractual obligations and or IWPCA Agreements;

C.     An injunction requiring Defendants to pay all statutorily-required wages
pursuant to Illinois Law;

D.     Issuance of a Declaratory Judgment that the practices complained of in
this Complaint are unlawful under Illinois Law, 820 ILCS 105/1 *et seq.* and supporting
Illinois Department of Labor regulations and other state wage laws;

E.     Attorneys' fees and costs of this action in accordance with the IWPCA;
and

F.     Consequential damages;

G.     Additional compensation/penalty due to the Plaintiff in accordance with
Section 14(b) of the IWPCA in the amount of 2% per month due under the IWPCA for
the delay in payment of due wages;

H.     and costs of this action; and

I.      Such other relief as this Court shall deem just and proper


Respectfully submitted,


By: _____/S/ John C. Ireland __

Attorney for Plaintiff

John C. Ireland
The Law Office of John C. Ireland
636 Spruce Street
South Elgin ILL
60177
630-464-9675
FACSIMILE 630-206-0889
Attorneyireland@gmail.com
Atty4employees@aol.com
Attorney Number 6283137


Dated 10/17/21